

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 29, 1972

Commissioner Raymond W. Vowell
State Department of Public Welfare
John H. Reagan Building
Austin, Texas. 78701

Opinion No. M- 1274

Re: Authority of the
Department of Public
Welfare to contract
with the State
Building Commission
for renovations in
the John H. Reagan
Building.

Dear Mr. Vowell:

·We acknowledge receipt of your recent opinion request involving the above captioned matter and in which you ask the following question:

"May the State Department of Public Welfare contract with the State Building Commission for the renovation of the fifth floor of the John H. Reagan State Office Building, for the renovation of other portions of that building to accomodate the installation of computers and other equipment and for the improvement of the defective elevator system currently in use in that building?"

You have further advised concerning this question as follows:

"The fifth floor of the John H. Reagan State Office Building is currently occupied by the State Department of Agriculture, the Board of Pardons and Paroles and the Tourist Development Agency. When the Stephen F. Austin State Office Building, presently under construction, is completed, those agencies will vacate their office space in the Reagan Building and will

relocate in the Austin Building. The office space then to be vacated by those agencies has been allocated to the Department of Public Welfare by the Building Commission and the Board of Control.

"In order to accomodate the needs of the agencies presently occupying the Reagan Building's fifth floor, partitions have been installed. Upon occupation by the Department of Public Welfare, such partitions will have to be removed or reordered if the office space requirements of the Department's staff are to be met.

"The Department further desires to replace or improve the Reagan Building's elevator system, which has had a history of malfunctions, and to renovate its Reagan Building space to accomodate the installation of computers and other equipment."

It is our opinion that your Department has the legal authority to achieve the above ends through contract with the Building Commission.

Article 678m, Section 3, Vernon's Civil Statutes, confers authority upon the Building Commission to

". . . acquire necessary real and personal property, modernize, remodel, build and equip buildings for State purposes, and make contracts necessary to carry out and effectuate the purposes herein mentioned in keeping with appropriations authorized by the Legislature . . ." (Emphasis Added.)

The authority of the Building Commission to contract with other state agencies is pursuant to the above statute. Attorney General Opinions Nos. WW-1120(1961); C-78(1963); and M-695(1970).

A state agency, such as the Department of Public Welfare, is clearly authorized by Article 4413(32), Section 3, Vernon's Civil Statutes, to enter into and perform

written contracts with other state agencies for furnishing necessary authorized special or technical services and to reimburse the other agency therefor. The mode of payments and transfer of funds should be provided for the inter-agency contract in conformity with Section 6 of Article 4413(32) and Section 8, subdivision (D) of Article 678f. In Attorney General Opinion No. M-695, supra, it was held that building repairs and remodeling are deemed special or technical services within the purview and meaning of this statute as well as within the scope of the authorized purposes specified in Article 678m, Section 3, supra.

You have advised that the funds for the renovation are to be expended out of federal monies which may be used for this purpose and will be disbursed from your "Federal Public Welfare Administration Fund."

We also note that in the event such federal funds should be deemed state funds, Article V of Senate Bill No. 1, 3rd. C.S., 62nd. Leg., 1972, might become relevant, wherein it is provided:

> "None of the funds appropriated in this Act may be expended for removing walls, partitions or any other permanent part of the first and second State office buildings . . . except for such renovations that may be necessary for new offices or depart-ments moving into the building, unless otherwise authorized and provided for elsewhere in this Act, <u>or upon the approval of the State Board of Control</u>."(Emphasis Added.)

In executing any such contract, the Legislature has provided through appropriate statutes that when improve-ments or repairs are needed in the proper care and main-tenance of State-owned buildings maintained by the Board of Control, such as is the case with the John H. Reagan State Office Building, the Board shall make and provide for such repairs or improvements, including space allotment, to be made under its direction. See Articles 678f, Section 2(A), 673 and 665, Vernon's Civil Statutes. These

statutes must be construed in pari materia with Articles 678m, Section 3, and 4413(32), and consequently it is necessary that the Board of Control be joined as a party to the proposed contract.

We are advised that the Board of Control is agreeable to the proposed project and expenditures, and your question is therefore answered in the affirmative, subject to the approval of the Board of Control which must be a party to the contract.

To the extent that any prior opinions of this office hold in effect that the Board of Control is not a necessary party to a contract where it has become the using agency as to State-owned buildings maintained by the Board, such opinions are hereby overruled in such respect.

- S U M M A R Y -

The State Department of Public Welfare may contract with the State Building Commission and the Board of Control for the renovation of the fifth floor of the John H. Reagan State Office Building, for the renovation of other portions of that building to accomodate the installation of computers and other equipment, and for the improvement of the defective elevator system currently in use in that building.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Acting Chairman

Commissioner Raymond W. Vowell, page 5  (M-1274)

John Banks
J. C. Davis
Roland Carlson
Harry Green

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant